WILLIAM ZECKENDORF AND Z. STAAB, RESPONDENTS,
    *v.* L. ZECKENDORF AND ALBERT STEINFELD,
    APPELLANTS.

APPEALS FROM JUSTICE'S COURT TO DISTRICT COURT MUST BE PERFECTED
    within thirty days from the rendition of the judgment.  The provisions
    of the statute providing for such appeals are mandatory.

APPEAL from the district court of the first judicial district, county of Pima.  The facts are stated in the opinion.

*Morgan & Price*, for the appellants.

1. The certificate of the justice of the peace, upon which the order for dismissal was based, was made after the papers had been filed in the district court.  Trans., pp. 3, 4.  If so, then its jurisdiction had attached and it was not in the power of the justice, upon a matter purely personal (the payment of his costs), to oust it.  *Bray* v. *Redman*, 6 Cal. 287.

2. After filing the papers in the district court there was no longer any appeal pending, and therefore no order could be made dismissing it.  The order operated as a dismissal of the action then pending in the district court.

The statute provides that the appeal shall be perfected and the papers filed in the district court within thirty days after the rendition of the judgment in the justice's court; and if the appeal is not perfected and the papers are not filed in the district court within such time, then, upon production of a certificate, it shall be dismissed.

From this it is clear that a dismissal can only be had in the district court upon the non-perfection of the appeal and the failure to file the papers within the required time.  The papers, when once filed, take away the power to dismiss.

3. The transcript made by the justice on appeal to the district court shows that on the twenty-fourth day of March, 1881, the papers and transcript of proceedings were ordered to be transmitted to the district court of the first judicial district.  Trans., p. 12.

On that day the appeal was perfected, with the exception that the appeal costs were not paid.  Trans., p. 3.  The reason why this was not done is explained in the affidavit of Morgan.  Trans., p. 6.

We further insist that the justice, having voluntarily transmitted the papers, waived his right to his fees so far as the same affected in any way appellants' right. He might have retained them for failure to pay the costs, and this was his only right of control. *Bray* v. *Redman*, 6 Cal. 287.

It would be, to say the least, a strange doctrine to hold that a justice of the peace had the power to control a case pending in the district court.

4. An appeal can only be dismissed upon a certificate from the justice showing default on the part of appellant as to some step necessary to be taken by him, and not neglect of the justice in the performance of a duty imposed upon him by law. Acts of Tenth Leg., p. 63, sec. 1.

*Farley & Pomroy*, for the respondents.

1. The appeal should be dismissed.

(*a*) What purports to be the transcript on appeal does not contain the grounds upon which the appellant intends to rely upon the appeal. Proceedings in Civil Cases, Comp. Laws, sec. 340, p. 461; *Hutton* v. *Reed*, 25 Cal. 478; *Fowler* v. *Harbin*, 23 Id. 630; *Hoadly* v. *Crow*, 22 Id. 265; *Bostwick* v. *McCorkle*, Id. 669; *Burnett* v. *Pacheco*, 27 Id. 408.

(*b*) What constitutes the judgment roll? Proceedings in Civil Cases, Comp. Laws, sec. 205, pp. 439, 440.

(*c*) The insertion of other parts of the record in the judgment roll does not make them a part of it. *Sharp* v. *Daugney*, 33 Cal. 505; *Schenectady and Park Road Co.* v. *Thatcher*, 6 How. Pr. 227; *Cook* v. *Dickerson*, 1 Duer, 686.

(*d*) Only such errors as appear in the judgment roll will be noticed by the court in the absence of a statement on appeal. *Sharp* v. *Daugney*, 33 Cal. 505; *Harper* v. *Minor*, 27 Id. 107; *Hutton* v. *Reed et al.*, 25 Id. 478.

2. Appeal from the district court in cases appealed there from justices' courts is prohibited. Session Laws of 1879, sec. 1, p. 63.

(*a*) There is no provision of law for impeaching the certificate of the justice provided for in section 1 of the act entitled "An act to regulate appeals from justices' courts," approved February 14, 1879.

(*b*) If said certificate could be impeached, the affidavits set forth do not, as a matter of fact, accomplish that end.

(*c*) The court below decided in favor of the certificate, and the presumption is in favor of that decision.

By Court, FRENCH, C. J. :

This is an appeal from the order of the district court dismissing the appeal to that court from the justice's court, and also from the order of the district court denying defendants' motion to set aside said order of dismissal. It appears from the first page of transcript and folio 3 that the judgment was rendered in the justice's court on the fifteenth day of March, A. D. 1880; that an appeal was perfected, except payment of costs, on 'March 24, 1880, and that on that day the papers were ordered to be transmitted to the district court on the payment of the appeal costs of four dollars (folio 34); that the papers were not transmitted to the district court or there filed until May '8th; and that the appeal costs then remained unpaid. Section 1 of act to regulate appeals from justices' courts reads as follows: "Any party dissatisfied with a judgment rendered in a justice's court may appeal therefrom to the district court held at the county in which such justice's court is situated. Such appeal shall be perfected and the papers filed in the district court within thirty days after the rendition of the judgment in the justice's court; and if the appeal is not perfected and the papers are not filed in the district court within such time, the district court shall, on the production of a certificate from the justice to the effect that an appeal has been taken but not perfected, or that the papers have not been ordered up, or the proper costs not paid, or any other necessary step not taken, dismiss the appeal at the costs of the appellant; in which case a certificate of dismissal shall be transmitted under the seal of the district court to the justice's court, with a statement of the costs in the district court; and no other or further appeal shall be taken." Appeal is the creature of statute; without statutory authority there is no appeal or right of appeal. A party, therefore, invoking the statute must conform to its provisions, or lose his right of appeal. But this act, section 42, affirmatively provides that appeals from justices' courts shall be taken

and determined only in the manner herein provided. It appears from the record, and also from the justice's certificate, that the papers in this cause were not filed in the district court until May 8th, more than fifty days from the time of the rendition of the judgment, March 15th, and that the appeal costs had not been paid. Under either of these circumstances, failure to pay the appeal costs, or to file the papers in the district court within thirty days after judgment in justice's court, the peremptory provision, section 1, above recited, is, that the district court shall dismiss the appeal. Courts can not disregard the direct and positive provisions of the statute. The appeal is utterly without merit, and the orders appealed from have therefore been affirmed, with damages.

PORTER and STILWELL, JJ., concurred.